**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION**

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT** | ) | |
| **OPPORTUNITY COMMISSION,** | ) | **Civil Action No. 3:13-cv-00210** |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **COMPLAINT** |
| **v.** | ) | |
| | ) | |
| **BO-CHERRY, INC. d/b/a BOJANGLES,** | ) | **JURY TRIAL DEMAND** |
| | ) | |
| **Defendant.** | ) | |
| _____ | ) | |

This is an action under Title VII of the Civil Rights Act of 1964 and Title I of the Civil Rights Act of 1991, to correct unlawful employment practices on the basis of religion, and to provide appropriate relief to Devin Charles ("Charles"), who was adversely affected by such practices. As more fully described below, the U.S. Equal Employment Opportunity Commission (the "Commission") alleges that Defendant Bo-Cherry, Inc. d/b/a Bojangles ("Defendant") failed to accommodate Charles' religious beliefs and discharged him because of his religion, Islam.

## JURISDICTION AND VENUE

1.      Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345. This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e–5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a.

2.      The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Western District of North Carolina, Charlotte Division.

## PARTIES

3.      Plaintiff, the Equal Employment Opportunity Commission, is the agency of the United States of America charged with the administration, interpretation, and enforcement of

1

Title VII, and is expressly authorized to bring this action by Sections 706(f)(1) and (3) of Title VII, 42 U.S.C. §2000e-5(f)(1) and (3).

4.     At all relevant times, Defendant has continuously been a North Carolina franchise doing business in the state of North Carolina and the City of Charlotte, and has continuously had at least fifteen (15) employees.

5.     At all relevant times, Defendant has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g), and (h) of Title VII, 42 U.S.C. §§ 2000e (b), (g), and (h).

## STATEMENT OF CLAIMS

6.     More than thirty days prior to the institution of this lawsuit, Charles filed a charge with the Commission alleging violations of Title VII by Defendant.  All conditions precedent to the institution of this lawsuit has been fulfilled.

7.     From on or about May 18, 2012 until on or about May 21, 2012, Defendant engaged in unlawful employment practices at its restaurant in Charlotte, North Carolina, in violation of Section 703(a)(1) of Title VII, 42 U.S.C. §2000e-2(a)(1).  As described more fully below, Defendant discriminated against Charles by failing to provide him with an accommodation for a sincerely held religious belief and discharging him because of his religion, Islam.

8.     For the past 14 years, Charles has been a practicing member of the Islamic faith. Charles, who is a Muslim, follows one sect of the Sunni Branch of the Islamic faith.  As a male member of the Islamic faith, Charles is required to grow and maintain a beard.  Further, the Sunni Branch of the Islamic faith mandates that Charles cannot trim or cut his beard unless it exceeds the length of his fist when holding his beard in his closed hand under his chin.  Charles has not trimmed or cut his beard, unless it exceeded a fist length, for the past 14 years in accordance with his sincerely held religious beliefs.

9.     Charles applied for a job with Defendant, and on or about May 17, 2012, Defendant's restaurant manager interviewed Charles for a food prep position.  When Charles arrived for his interview, he wore a short rounded cap (a "kufi") worn by some Muslim men. Defendant's restaurant manager inquired whether Charles was Muslim, to which Charles

2

responded affirmatively.  After the interview, Defendant's restaurant manager informed Charles that he might need to cut his beard to work for Defendant's restaurant.  In response, Charles told the restaurant manager that he could not cut or trim his beard unless it exceeded a fist length because of his religion.  Defendant's restaurant manager told Charles that his beard may not be an issue because the district manager is also Muslim, but ultimately the decision would be made by the district manager.  Defendant hired Charles on or about May 17, 2012 for a food prep position.

10.    On or about May 18, 2012, Charles worked at Defendant's restaurant for several hours without any problems relating to his beard.

11.    On or about May 19, 2012, Charles worked in Defendant's restaurant for several hours until Defendant's restaurant manager instructed Charles that her supervisor, the district manager, came into the restaurant, saw Charles' beard and instructed her to tell Charles that he needed to shave his beard completely off to continue working for Defendant.  Charles reminded Defendant's restaurant manager that he could not trim or cut his beard because of his religion. Charles requested an accommodation of wearing a beard net, which is similar to a hair net, which Defendant's restaurant manager refused.  Instead, Defendant's restaurant manager reiterated that Charles needed to shave his beard, instructed Charles to leave the premises, and to not return to work until Charles shaved off his beard.  Charles believed that at this time, he was terminated since he made it clear to Defendant's restaurant manager that he could not cut or trim his beard unless it exceeded a fist length because of his religion.

12.    On or about May 21, 2012, Charles returned to Defendant's restaurant to inquire about his pay for the two days that he had worked and to speak to Defendant's district manager. Charles explained to the district manager that his faith, Islam, prohibited him from shaving or cutting his beard beyond a certain length.  Defendant's district manager informed Charles that he was the same religion, Islam, as Charles, and told Charles that he has "had to make sacrifices." The district manager told Charles that if he shaved or cut his beard, Charles could return to work. Charles told Defendant's district manager that there are various sects of Islam and Charles' sincerely held religious belief was that his beard could not be trimmed or cut unless it exceeded a fist length.  Charles again requested an accommodation to wear a beard net while working.  The district manager denied Charles' accommodation request to wear a beard net and told Charles that once he shaved his beard, he could return to work for Defendant.  Accordingly, Defendant

3

refused to accommodate Charles' sincerely held religious belief regarding shaving or cutting his beard, and terminated his employment because of his religion, Islam.

13.     The effect of the practices complained of above have been to deprive Charles of equal employment opportunities and otherwise adversely affect his status as an employee because of his religion.

14.     The unlawful employment practices complained of above were intentional.

15.     The unlawful employment practices complained of above were done with malice or with reckless indifference to the federally protected rights of Charles.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A.     Grant a permanent injunction enjoining Defendant, its officers, successors, assigns, and all persons in active concert or participation with it, from discriminating against applicants and current or future employees based on their religious beliefs and/or their refusal to violate their religious beliefs.

B.     Order Defendant to institute and carry out policies, practices, and programs which provide equal employment opportunities for all employees, including an effective policy prohibiting religious discrimination and allowing for religious accommodation, all of which eradicate the effects of its past and present unlawful employment practices.

C.     Order Defendant to make Charles whole by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of the unlawful employment practices described above, including but not limited to reinstatement or front pay.

D.     Order Defendant to make Charles whole by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described above, including but not limited to job search expenses, in amounts to be determined at trial.

E.     Order Defendant to make Charles whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful practices described above, including but not limited to emotional pain, suffering, inconvenience, loss of enjoyment of life, humiliation, loss of self-esteem and loss of civil rights, in amounts to be determined at trial.

4

F.      Order Defendant to pay Charles punitive damages for its malicious and reckless conduct described above, in amounts to be determined at trial.

G.      Grant such further relief as the Court deems necessary and proper in the public interest.

H.      Award the Commission its costs of this action.


## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its complaint.

DATED this the 4th day of April, 2013.

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

Equal Employment Opportunity Commission
131 M Street, N.E.
Washington, D.C.  20507


s/ Lynette A. Barnes_____
LYNETTE A. BARNES (NC Bar #19732)
Regional Attorney

KARA GIBBON HADEN
Supervisory Trial Attorney

s/ Stephanie M. Jones_____ _____
STEPHANIE M. JONES (GA Bar #403598)
Trial Attorney
EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION
Charlotte District Office
129 West Trade Street, Suite 400

5

Charlotte, N.C. 28202
stephanie.jones@eeoc.gov
Telephone:      704.954.6471
Facsimile:       704.954.6412

ATTORNEYS FOR PLAINTIFF