UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
DOCKET NO. 3:13-cv-00210-MOC-DSC

| | | |
|---|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY** | ) | |
| **COMMISSION,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| Vs. | ) | ORDER |
| | ) | |
| **BO-CHERRY, INC.,** | ) | |
| | ) | |
| Defendant. | ) | |

     **THIS MATTER** is before the court on defendant's Motion to Strike.  For cause, plaintiff argues that certain portions of defendant's Answer do not conform to the applicable pleading standards of Rule 9, Federal Rules of Civil Procedure, and that an attachment of a photograph of complaining employee has been improperly attached to the Answer as an exhibit and is scandalous.  Specifically, defendant has denied plaintiff's allegation that it has complied with certain statutory pre-conditions for filing, in particular, the requirement that it conduct an adequate investigation.  Such denial ties into the photograph attached as an exhibit to the Answer, which purports to be a photograph of the complaining employee at a time which defendant contends is relevant  to his complaint.

# FINDINGS and CONCLUSIONS

## I.    Introduction

Plaintiff contends in its Complaint that defendant engaged in an unlawful employment practice from May 18, 2012, to May 21, 2012, by failing to provide him with a reasonable accommodation and then firing him  for a sincerely held religious belief concerning the wearing of his beard under the tenants of Islam.  Complaint  (#1) at ¶ 7.  In the next paragraph of the Complaint, plaintiff contends that

> [a]s a male member of the Islamic faith, Charles is required to grow and maintain a beard. Further, the Sunni Branch of the Islamic faith mandates that Charles cannot trim or cut his beard unless it exceeds the length of his fist when holding his beard in his closed hand under his chin. Charles has not trimmed or cut his beard, unless it exceeded a fist length, for the past 14 years in accordance with his sincerely held religious beliefs.

Complaint at ¶ 8.  Apparently, defendant believes it has some evidence upon which to base a denial of such allegation, to wit, a booking photograph of complainant supposedly taken February 22, 2012.  Arguably, such photograph shows a man with a well-groomed short beard.

## II.   Plaintiff's Motion

Plaintiff moves to strike (1) defendant's general denial that all conditions precedent to the  institution of this lawsuit have been fulfilled (Answer (#5) at ¶ 6), arguing that defendant failed to plead facts with particularity, as required by Rule 9(c) sufficient to support Plaintiff's denial that all conditions precedent to the lawsuit have been fulfilled;  (2) information contained in the Answer related to or referencing the complainant's arrest reports and information related thereto as immaterial, impertinent

and/or scandalous, id. at Twelfth Defense; and (3) the exhibits attached to the Answer, Answer at Ex. A and Ex. B, as these are not permissible "written instruments" as contemplated under Rule 10(c). The court will address each motion *seriatim*.

## III. Applicable Stand Under Rule 12(f)

Under Rule 12(f), the court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. Striking a pleading is a drastic remedy. Augustus v. Board of Public Instruction of Excambia County, Florida, et al., 306 F.2d 862, 868 (5th Cir.1962). A pleading should only be stricken when the pleading bears no relationship to the controversy. Brown & Williamson Tobacco Corp. v. United States, 201 F.2d 819, 822 (6th Cir.1953). A motion to strike places a "sizable burden on the movant," Clark v. Milam, 152 F.R.D. 66, 70 (S.D.W.Va.1993),and would typically require a showing that denial of the motion would prejudice the movant. Id.

## IV. Discussion

### 1. Motion to Strike Paragraph Six of the Answer

First, plaintiff asks that this court strike paragraph six of the answer under a theory that defendant has failed to plead sufficient facts to support its denial as required by Rule 9(c). The court will first conduct a side-by-side comparison of the Complaint and Answer:

> 6. More than thirty days prior to the institution of this lawsuit, Charles filed a charge with the Commission alleging violations of Title VII by Defendant. All conditions precedent to the institution of this lawsuit has been fulfilled.

Complaint (#1) at ¶ 6 (error in the original).

> 6. Defendant denies knowledge or information sufficient to form a belief as to the truth of the allegations in numbered paragraph 6 of the complaint and, therefore, denies the allegations.

Answer (#5) at ¶ 6. Rule 9(c) provides that "[i]n pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed. But when denying that a condition precedent has occurred or been performed, a party must do so with particularity." Fed.R.Civ.P. 9(c). Clearly, the Answer contains what may best be described as a general denial, which is insufficient to deny the alleged conditions precedent. The court does not, however, find the "drastic remedy" of striking such Answer to be appropriate. Instead, the better remedy is a "motion for more definite statement" under Rule 12(e), which is applicable to answers as well as complaints. Inasmuch as paragraph 6 of the Answer is insufficient under Rule 9(c), defendant will be directed to file a more definite statement in the form of a First Amended Answer that either admits paragraph six of the Complaint or denies such allegations with particularity.

### 2. Motion to Strike References to Complainant's Alleged Arrest Record

Plaintiff next moves to strike information contained in the Answer related to or referencing the complainant's arrest reports and information related thereto as immaterial, impertinent and/or scandalous, contained in defendant's Twelfth Defense. In relevant part, defendant's Twelfth Defense provides:

> Furthermore, Charles' arrest photograph from February 22, 2012, on file with the Mecklenburg County Sheriff's Department, Charlotte, North Carolina, within the Western District of North Carolina, shows that his beard was trimmed and very compliant with the grooming policies of Defendant. (See, Exhibit A). The photograph establishes that Charles had trimmed his beard prior to being requested to do so by Defendant. (See, Exhibit B) which is an enlargement of the February 22, 2012 arrest photograph.

Answer (#5) at 5. The court thoroughly agrees that any reference to the Complainant's alleged criminal record is immaterial, impertinent, and scandalous as it would unduly prejudice plaintiff in pursuing the serious civil rights issues raised in this case. The court will strike all references

4

to "arrest" and "Mecklenburg County Sheriff's Department." Defendant shall conform such paragraph of the Twelfth Defense in its First Amended Answer. Rather than reference an arrest record, sheriff's department, or "mugshot ," defendant may simply state that an identification photograph taken on such date supports such defense

### 3. Motion to Strike Exhibits

Finally, plaintiff has moved to strike Exhibit A (a Sheriff's Department intake sheet , inset with the picture) and Exhibit B (an enlargement of the inset photograph). Plaintiff contends that these are not permissible "written instruments" as contemplated under Rule 10(c). In addition to striking Exhibit A for the reasons which will be discussed as to Exhibit B, Exhibit A, which is obviously a record of arrest, will also be stricken under Rule 12(f) as it too is immaterial, impertinent, and scandalous as it would unduly prejudice plaintiff for the same reasons discussed above.

Exhibit B, which is simply an enlargement of the inset photograph of Complainant, bears no indicia that it is a "mug shot" as it does not contain the height lines, booking number, or in any manner show Complainant was in a jail or wearing jail clothing. In fact, it could easily be considered an employee identification photograph. Despite the innocuous nature of the photograph, the court will consider whether it should be stricken as not being a "written instrument" under Rule 10(c), which provides in relevant part as follows: "[a] copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed.R.Civ.P. 10(c). There is little case law addressing this issue, but the cases the court could find appear to unequivocally hold that photographs should not be attached as exhibits to either a complaint or an answer. Most recently, a district court held, as follows:

> The Court does conclude, however, that these exhibits should be stricken
> as immaterial, see Fed.R.Civ.P. 12(f), for the reason this photograph and x-ray

were not properly included in plaintiffs' complaint under the Federal Rules of Civil Procedure. The Rules consistently describe pleadings as containing "statements" and "allegations", see Fed.R.Civ.P. 8, 9, and such language does not contemplate photographs or other objects. See Cabot v. Wal–Mart Stores, Inc., 2012 WL 1378529, at *2–3, *7 (D.N.M. Apr. 10, 2012). Rule 10, which is titled "Form of Pleadings," addresses exhibits to pleadings as follows: "A copy of a written instrument that is an exhibit to a pleading is a part of the pleading for all purposes." Fed.R.Civ.P. 10(c). The courts that have considered this issue have concluded that the Rules thus do not contemplate the attachment of exhibits, such as photographs, that are not written instruments. For instance, the Third Circuit has stated: "The case law demonstrates, however, that the types of exhibits incorporated within the pleadings by Rule 10(c) consist largely of documentary evidence, specifically contracts, notes, and other writings on which a party's action or defense is based." See Rose v. Bartle, 871 F.2d 331, 339 n. 3 (3d Cir.1989) (internal quotation omitted) (quoting 5 *Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure* § 1327) (holding that an attached affidavit was not a "written instrument" under Rule 10(c) and thus was not properly considered part of the pleadings). Similarly, in Perkins v. Silverstein, 939 F.2d 463 (7th Cir.1991), the Seventh Circuit commented on the complaint before it as follows: "The newspaper articles, commentaries and editorial cartoons which Perkins attached to the complaint referencing this 'scandal' are not the type of documentary evidence or 'written instruments' which Fed.R.Civ.P. 10(c) intended to be incorporated into, and made a part of, the complaint." Id. at 467 n. 2 (citing 5 Wright & Miller § 1327); see also Cabot, 2012 WL 1378529, at *8 (photographs are not "written instruments" contemplated by Rule 10(c)).

Nkemakolam v. St. John's Military School , 876 F.Supp.2d 1240, 1246 -1247 (D.Kan. 2012) (footnote omitted).  The court finds such decision to be well reasoned and therefore persuasive.

The rule recognized by the Nkemakolam court also makes commonsense as complaints and answer are vehicles for teeing up claims and defenses, not offering or introducing proof of those claims.  While plaintiff can certainly state in an affirmative defense that such defense is based on information and belief, and that such information and belief is founded on an identification photograph procured on a date relevant to the allegations of a complaint, the rules simply do not allow an answer or affirmative defense to be the vehicle for publication of all evidence that may support a claim or defense.  The court will strike Exhibit B; however, such striking is without prejudice as to defendant later seeking introduction of such photograph in

conjunction with an appropriate motion or response, or at trial. While it is obvious that such photograph would likely be admissible as a public record, the parties should discuss authenticating such photograph in a manner that is not unduly prejudicial.

**ORDER**

**IT IS, THEREFORE, ORDERED** that defendant's Motion to Strike (#8) is **GRANTED** in part and **DENIED** in part, as follows:

(1) defendant shall either admit or provide a more definite statement as to Paragraph Six of the Complaint and its Answer;

(2) all references to an alleged arrest of the Complainant are STRICKEN from the Answer,;

(3) Exhibit A is STRICKEN in accordance with Rule 12(f) and 10(c); and

(4) Exhibit B is STRICKEN without prejudice in accordance with Rule 10(c).

Defendant shall first its First Amended Answer and Affirmative Defenses in accordance with this Order within 14 days.

Signed: May 28, 2013

Max O. Cogburn Jr.
United States District Judge