IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | | |
|---|---|---|
| EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, | ) ) ) | |
| Plaintiff, | ) ) | Civil Action No. 3:13-cv-00210 |
| v. | ) ) | CONSENT DECREE |
| BO-CHERRY, INC d/b/a BOJANGLES, | ) ) ) | |
| Defendant. | ) ) | |

The Equal Employment Opportunity Commission (the "Commission") instituted this action pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. Section 2000e-5(f)(1) and (3) ("Title VII"), and Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. The Commission's complaint alleged that Defendant Bo-Cherry, Inc. d/b/a Bojangles failed to accommodate Devin Charles' ("Charles") religious beliefs and discharged him because of his religion, Islam.

The Commission and Defendant Bo-Cherry, Inc. d/b/a Bojangles (the "Defendant") hereby stipulate to jurisdiction of the Court over the parties and agree that the subject matter of this action is properly before the Court.

The parties have advised this Court that they desire to resolve the allegations in the Complaint without the burden, expense, and delay of further litigation. In settling this matter, the parties agree that Defendant is not admitting liability.

It is therefore the finding of this Court, made on the pleadings and the record as a whole, that: (1) the Court has jurisdiction over the parties and the subject matter of this action; (2) the purpose and provisions of Title VI will be promoted and effectuated by the entry of the Consent

Decree; and (3) this Consent Decree resolves all matters in controversy between the parties as provided in paragraphs 1 through 16 below.

It is therefore ORDERED, ADJUDGED AND DECREED as follows:

1. Defendant shall not discriminate against any person on the basis of religion or any other protected category within the meaning of Title VII, including by failing to provide a reasonable accommodation to the bona fide religious beliefs of an applicant or employee and/or by terminating the applicant or employee because of said religious beliefs.

2. Defendant shall not discriminate or retaliate against any person because of opposition to any practice made unlawful under Title VII, or because of the filing of a charge, the giving of testimony or assistance, or the participation in any investigation, proceeding or hearing under that statute.

3. Defendant shall pay Devin Charles the sum of eleven thousand dollars ($11,000) in settlement of the claims raised in this action. Defendant shall make payment by issuing a check payable to Devin Charles. Payment shall be made within fifteen (15) days after the Court approves this Consent Decree, and Defendant shall mail the check to Mr. Charles at an address provided by the Commission. Within ten (10) days after the check has been sent, Defendant shall send to the Commission, a copy of the check and proof of its delivery to Mr. Charles. Neither the Commission nor Defendant make any representation, or assume any responsibility for any tax liability, assessments, interest, penalties and/or costs that Mr. Charles may or may not incur on such payments under local, state and/or federal law.

4. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall eliminate from the employment records and personnel records of Devin Charles any and all documents, entries, or references of any kind relating to the facts and circumstances which led to

the filing of EEOC Charge Number 430-2012-02125 and the related events that occurred thereafter, including this litigation. Within ten (10) days of the entry of this Consent Decree by the Court, Defendant shall change all references in its personnel records for Devin Charles from "terminated" to "voluntarily resigned." Within fifteen (15) days of the entry of this Consent Decree by the Court, Defendant shall report compliance with this provision to the Commission.

5.    Defendant agrees that Devin Charles remains eligible for employment with Defendant.  Defendant agrees that should Mr. Charles become re-employed with Defendant, Mr. Charles is not required to shave or trim his beard until his beard reaches the required length pursuant to Mr. Charles' religious beliefs.  Further, Defendant shall provide Devin Charles with a neutral letter of reference using the form attached hereto as Exhibit A.  Within ten (10) days of the entry of this Consent Decree by the Court, the original, signed letter of reference shall be provided to Devin Charles at an address provided by the Commission.  Devin Charles is free to disseminate the letter to potential employers.  Defendant agrees that if it receives any inquiry about Devin Charles from a potential employer, it will provide only the information set forth in the letter of reference in response.

6.    Within sixty (60) days of the entry of this Consent Decree by the Court, Defendant shall revise its current written Equal Opportunity Policy to add the following language: "If an employee needs an accommodation for his or her religious beliefs or practices the employee should contact a manager or if unavailable, a district manager."   Defendant will update each employee handbook in each of its stores with this revised policy.  In addition Defendant shall notify employees of the change via posting through the notice attached as Exhibit B.  These actions will be taken within the aforementioned sixty (60) day time period.  Within seventy (70) days of the entry of this Consent Decree, Defendant shall report compliance to the Commission.

3

During the term of this Consent Decree, Defendant shall review this policy with all new employees at the time of hire.

7. During the term of this Consent Decree, Defendant shall post a copy of the policy described in paragraph 6, *supra*, in each of Defendant Bo-Cherry, Inc.'s restaurants in North Carolina in a place where it is visible to employees. If the policy becomes defaced or unreadable, Defendant shall replace it by posting another copy of the policy. Within seventy (70) days after the Consent Decree is entered, Defendant will post the policy and notify the Commission that it has been posted.

8. During the term of this Consent Decree, Defendant shall provide an annual training program to all of its owners, managers, and supervisors in Bo-Cherry, Inc. restaurants. Each training program shall include an explanation of the requirements of Title VII, including an employer's obligations with respect to religious accommodations, and its prohibition against religious discrimination and retaliation in the workplace. Each training program shall also include an explanation of Defendant's policy referenced in paragraph 6 above, and an explanation of the rights and responsibilities of employees and managers under the policy.

The first training program shall be completed within one hundred (100) days after entry of the Consent Decree by the Court. Each subsequent training program shall be conducted at approximately one-year intervals. Within ten (10) days after completion of each training program, Defendant shall certify to the Commission the specific training which was undertaken and shall provide the Commission with a roster of all employees in attendance.

9. Beginning within sixty (60) days after the entry of this Consent Decree by the Court, and continuing throughout the term of this Decree, Defendant shall conspicuously post the attached Employee Notice, marked Exhibit "B," hereby made a part of this Consent Decree, in a

4

place where it is visible to employees at its North Carolina restaurants. If the Notice becomes defaced or unreadable, Defendant shall replace it by posting another copy of the Notice. Within seventy (70) days after entry of this Consent Decree, Defendant shall notify the Commission that the Notice has been posted pursuant to this provision.

10. During the term of this Consent Decree, Defendant shall provide the Commission with reports at six (6) month intervals, with the first being due four (4) months after approval by the Court of this Consent Decree. The reports will include the following information:

> A. identify each applicant or employee of any of Defendant's North Carolina restaurants who at any time during the reporting period requested a religious accommodation, including by way of identification each person's full name, social security number, last known address and telephone number, job title or position sought, date of accommodation request, accommodation requested, whether the request was granted, and what, if any, accommodation was provided to the individual;
>
> B. for each individual identified in response to 10.A. above who was not provided with an accommodation, provide a detailed explanation as to why the request was not granted and identify all individual(s) involved in the decision regarding the accommodation request;
>
> C. for each individual identified in 10.A. above, explain whether the individual's employment status has changed in any respect (for example, including but not limited to, termination, firing, demotion, promotion, or to part-time from full-time) after the individual's request for religious accommodation; and
>
> D. for each individual whose employment status has changed as identified in 10.C. above, a detailed statement explaining why the individual's employment status has changed and the identity of all persons involved in the decision to change said employment status.

In the event there is no activity to report pursuant to this paragraph, Defendant shall send the Commission a "negative" report indicating no activity.

11. The Commission may review compliance with this Consent Decree by inspecting Bo-Cherry, Inc.'s restaurants for posting of the notice attached as Exhibit B. The inspector will

5

identify himself/herself to the manager or other person responsible for the store that day and state he/she is only checking the posting. The inspector will not engage in any other discussions with any employees or managers. For review of other issues with compliance of this Consent Decree, the EEOC will contact one of the owners of Defendant, or if they are unavailable then the district manager for Defendant. The EEOC will notify Defendant of the compliance issues, additional information required, and if interviews are needed. If interviews are needed the EEOC will coordinate such interviews with Defendant.

12. If anytime during the term of this Consent Decree, the Commission believes that Defendant is in violation of the Consent Decree, the Commission shall give notice of the alleged violation to Defendant. Defendant shall have ten (10) days in which to investigate and respond to the allegations. Thereafter, the parties shall then have a period of ten (10) days or such additional period as may be agreed upon by them, in which to engage in negotiation regarding such allegations before the Commission exercises any remedy provided by law.

13. The term of this Consent Decree shall be for two (2) years from its entry by the Court.

14. All reports, notices or other documents sent by the parties to one another pursuant to this Consent Decree shall be sent by electronic mail to: (1) To the EEOC at EEOC-CTDO-decree-monitoring@eeoc.gov; or if by regular mail to - Lynette A. Barnes, Regional Attorney, Equal Employment Opportunity Commission, 129 West Trade Street, Suite 400, Charlotte, NC 28202; (2) To Defendant's Owner or Owners at raj.pathak@bojangles.com and npathak@carolina.rr.com, with a copy to Chiege O. Kalu Okwara, Attorney for Defendant, at Chiege@aol.com.

15. Each party shall bear its own costs and attorney's fees.

16. This Court shall retain jurisdiction of this cause for purposes of monitoring compliance with this Decree and entry of such further orders as may be necessary or appropriate.

The parties jointly request that the Court approve and enter the Consent Decree:

| | |
|---|---|
| **EQUAL EMPLOYMENT OPPORTUNITY COMMISSION, Plaintiff** | **BO-CHERRY, INC. d/b/a BOJANGLES, Defendant** |

P. DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

**s/Lynette A. Barnes**
LYNETTE A. BARNES (NC Bar # 19732)
Regional Attorney
E-mail: lynette.barnes@eeoc.gov
E-mail: lynette.barnes@eeoc.gov

KARA GIBBON HADEN
Supervisory Trial Attorney
E-mail:
kara.haden@eeoc.govkara.haden@eeoc.gov

STEPHANIE M. JONES (GA Bar #403598)
Trial Attorney
E-mail:stephanie.jones@eeoc.gov

Charlotte District Office
129 West Trade Street, Suite 400
Charlotte, North Carolina 28202
Telephone: 704.954.6471
Facsimile: 704.954-6412

**ATTORNEYS FOR PLAINTIFF**

**s/Chiege O. Kalu Okwara**
Chiege O. Kalu Okwara (NC Bar #18853)
Ballantyne One
15720 John J. Delaney Drive
Suite 300
Charlotte, NC 28277
Telephone: 704.944.3221
Facsimile: 704.846.7952
E-mail: chiege@aol.com
E-mail: chiege@aol.com

**ATTORNEY FOR DEFENDANT**

Max O. Cogburn Jr.
United States District Judge

8

# EXHIBIT A

[Defendant's letterhead]

[Date]


TO WHOM IT MAY CONCERN:

We are pleased to provide the following reference on behalf of our former employee, Devin Charles.

Mr. Charles was employed by Bo-Cherry, Inc. During his tenure with us, Mr. Charles held the position of food prep. His ending wage was $7.25 per hour.

We hope that this information about Mr. Charles is helpful to you in considering him for employment.

Sincerely,


[Typed name of company representative]
[position], Bo-Cherry, Inc.

**EXHIBIT B**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| EQUAL EMPLOYMENT ) <br> OPPORTUNITY COMMISSION, ) <br>       Plaintiff, ) <br> ) <br>       v. ) <br> ) <br> BO-CHERRY, INC. ) <br> d/b/a BOJANGLES. ) <br>       Defendant. ) <br> _____ ) | CIVIL ACTION NO. **3:13-cv-00210** <br><br> **EMPLOYEE NOTICE** |

      1.      This Notice is posted pursuant to a settlement between the U.S. Equal Employment Opportunity Commission and Bo-Cherry, Inc. d/b/a Bojangles in a case of discrimination based on religion. Specifically, the EEOC alleged that Bo-Cherry, Inc. discriminated against Devin Charles when it refused to accommodate Charles' religious beliefs, and discharged him because of his religion in violation of the Title VII of the Civil Rights Act of 1964 (Title VII). Bo-Cherry, Inc. filed an Answer denying the allegations of the Complaint. As part of the settlement, Bo-Cherry Inc. agreed to pay monetary damages to Mr. Charles and to take other action set out in the Consent Decree resolving this matter.

      2.      Federal law requires that employers not discriminate against any employee or applicant for employment because of the individual's race, color, religion, sex, national origin, age (40 or older) or disability. Title VII specifically prohibits discrimination based on an individual's religion. Federal law also prohibits retaliation against employees because they have opposed unlawful employment discrimination, or because they gave testimony, provided assistance in, or participated in an employment discrimination investigation, proceeding, or hearing, or otherwise asserted their rights under the laws enforced by the EEOC.

      3.      Bo-Cherry, Inc. has revised its Equal Opportunity Policy in its employee handbook to inform employees how to make a request for a religious accommodation.

      4.      Bo-Cherry, Inc. will comply with such federal law in all respects. Furthermore, Bo-Cherry, Inc. will not take any actions against employees because they have exercised their rights, reported an alleged violation under the law or given testimony, assistance or participation in any investigation, proceeding or hearing conducted by the U. S. Equal Employment Opportunity Commission.

An employee has the right, and is encouraged to exercise that right, to report allegations of employment discrimination in the workplace. An employee may contact their local U. S. Equal Employment Opportunity Commission field office for the purpose of filing a charge of employment discrimination. To locate the nearest field office, contact:

Equal Employment Opportunity Commission<br>
131 M Street, N.E.<br>
Washington, D.C. 20507<br>
TEL: 1-800-669-4000<br>
TTY: 1-800-669-6820

This Notice will remain posted for at least two (2) years by agreement with the U.S. Equal Employment Opportunity Commission. DO NOT REMOVE THIS NOTICE UNTIL: _____, \_\_.